IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kentwan Laquintta Lake,              ) | C/A: 3:11-628-CMC-PJG |
|                                      ) | |
| Plaintiff,                           ) | |
|                                      ) **REPORT AND RECOMMENDATION** | |
|                                      ) | |
| vs.                                  ) | |
|                                      ) | |
| S.C. Department of Mental Health,    ) | |
|                                      ) | |
| Defendant.                           ) | |
| _____ ) | |

The plaintiff, Kentwan Laquintta Lake, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pretrial detainee at the Alvin S. Glenn Detention Center in Richland County, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff claims that he has received inadequate treatment from Defendant S.C. Department of Mental Health. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of

Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

This case should be summarily dismissed because the court lacks subject matter jurisdiction.  In order for this court to hear and decide a case, the court must, first, have jurisdiction over the subject matter of the litigation.  Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), 528 U.S. 1155 (2000) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

A plaintiff must allege the facts essential to show jurisdiction in his pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936)); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Fed. R. Civ. P. 8(a)(1) requires that a complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

The instant Complaint provides no basis for either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

The claims pose no federal question; thus, they cannot serve as the basis for federal jurisdiction. Plaintiff alleges that he was, at some unspecified time in the past, given inadequate treatment for his mental health problems. He additionally alleges that medication he was given caused nerve damage. The Complaint appears to imply that Plaintiff was a patient of Defendant S.C. Department of Mental Health. At most, then, Plaintiff attempts to state a claim for medical negligence, which would sound in state law.

Plaintiff has not named any individual at the detention center as a defendant, and does not allege that he has sought and failed to procure medical care while housed at the

detention center, so this does not appear to be a case regarding jail conditions; in any case, negligence does not state a claim for prison conditions that rise to the level of an Eighth Amendment deprivation. <u>Wilson v. Seiter</u>, 501 U.S. 294 (U.S. 1991). Plaintiff may be attempting to set forth causes of action based in state law; if so, this court would not have jurisdiction to hear them. Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." <u>Wisconsin Dep't of Corr. v. Schacht</u>, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims, if any. See <u>Lovern v. Edwards</u>, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

A civil action for any state claims would be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. <u>Cianbro Corp. v. Jeffcoat & Martin</u>, 804 F. Supp. 784, 788-91 (D.S.C. 1992). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). <u>See</u> 28 U.S.C. § 1332(a). Plaintiff has not requested a specific amount of monetary damages, requesting only "proper compensation"; even if the amount in controversy were satisfied, this court has no diversity jurisdiction over this case because the defendant is not diverse from Plaintiff, who is presumably (he does not allege otherwise) a citizen of South Carolina. Thus, this court does not have subject matter jurisdiction over the Complaint.

It is possible that Plaintiff intends to file this complaint pursuant to 42 U.S.C. § 1983, though he has not specifically invoked this section. In any case, the civil rights statute is unavailing. Section 1983 " 'is not itself a source of substantive rights,' but merely provides

'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271(1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). However, negligent or incorrect medical treatment is not actionable under § 1983. Estelle v. Gamble, 429 U.S. at 106; see also Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

_/s/ Paige J. Gossett_
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 12, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).